UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSEPH DARYLL RUED; W.O.R., *a minor child*; SCOTT DARYLL RUED; and LEAH JEAN RUED, | Civil No. 24-3409 (JRT/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER DISMISSING FOR LACK OF JURISDICTION AND IMPOSING SANCTIONS** |
| NATALIE E. HUDSON, LEONARDO CASTRO, CARRIE LENNON, KEITH ELLISON, ALEC SLOAN, BETH BARBOSA, CHARLIE ALDEN, GILBERT ALDEN BARBOSA PLLC, CATRINA M. RUED, HENNEPIN COUNTY CLERK OF COURT, JAMIE PEARSON, and CORNERHOUSE, | |
| Defendants. | |

---

Joseph Daryll Rued, W.O.R., Scott Daryll Rued, and Leah Jean Rued, 9007 Avila Cove, Eden Prairie, MN 55347, *pro se* Plaintiffs.

Joseph D. Weiner, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants Natalie E. Hudson, Leonardo Castro, Carrie Lennon, Keith Ellison, and Alec Sloan.

Beth Barbosa, **GILBERT ALDEN BARBOSA PLLC**, 3800 American Boulevard West, Suite 1500, Edina, MN 55431, Charlie R. Alden, **GILBERT ALDEN BARBOSA PLLC**, 2801 Cliff Road East, Suite 200, Burnsville, MN 55337, for Defendants Beth Barbosa, Charlie Alden, Gilbert Alden Barbosa PLLC, and Catrina M. Rued.

Ashley Marie Ramstad and Susan M. Tindal, **IVERSON REUTERS**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendant Jamie Pearson.

Shannon L. Bjorklund, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant CornerHouse.

This is the third of four orders the Court issues simultaneously addressing the same underlying set of facts.[1] Plaintiffs here bring this action to overturn an award of sole custody over minor W.O.R. by the Minnesota state courts. But as the Court explains in detail in its companion order in *Rued v. Jayswal*, No. 24-1763 (D. Minn.), the Court lacks jurisdiction to hear this case under the *Rooker-Feldman* doctrine. Accordingly, the Court will adopt the report and recommendation of Magistrate Judge Tony N. Leung, overrule the Plaintiffs' objections, and dismiss this action in its entirety with prejudice.

However, unlike in the two other cases before the Court, Defendants here have an additional request: sanctions. (Mot. for Sanctions, Nov. 12, 2024, Docket No. 75.) Though Defendants ask for both filing restrictions and monetary awards, the Court finds that, for now, a filing restriction is enough to deter the vexatious behavior.

"There is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). Federal courts have the inherent power to impose sanctions to regulate their dockets, promote judicial efficiency, and deter frivolous filings. *See, e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980); *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 681 (8th Cir. 1997) (sanctioning plaintiff for filing a frivolous complaint). Restrictions are appropriate

---

[1] The other cases are *Rued v. Jayswal*, No. 24-1763 (D. Minn.), *Rued v. Hudson*, No. 24-2437 (D. Minn.), and *Rued v. Hatcher*, No. 25-468 (D. Minn.).

where a litigant has "engaged in a pattern of litigation activity which is manifestly abusive." *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989).  A district court may, for example, bar litigants from any additional filings without first obtaining leave from the Court.  *Feathers v. Chevron USA, Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also City of Shorewood v. Johnson*, No. 11-374, 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) (placing plaintiff on restricted filers list for "forcing [a defendant] to respond to repetitive claims that no appellate court has found meritorious").

Plaintiffs' behavior in this matter demonstrates they warrant placement on the District of Minnesota's restricted filers list.  It has become plain to virtually every court that has entertained Plaintiffs' lawsuits that they have been filed maliciously and frivolously.  *See, e.g.*, *Rued v. Rued*, Nos. A21-0798, A21-1064, 2022 WL 2298992, at *18 (Minn. Ct. App. June 27, 2022) (noting the finding of the district court that "[i]t is very obvious that [Joseph] was trying to bankrupt [Catrina] in hopes that her attorney would withdraw for nonpayment") (internal quotation marks omitted).

Therefore, the Court will place Joseph, Scott, and Leah Rued[2] on the restricted filers list, which will prohibit them from filing additional lawsuits relating to this matter without first receiving permission of the Court or securing the assistance of counsel.  For

---

[2] Plaintiffs often bring these suits on behalf of minor W.O.R.  The Court will not place a minor, who is unwillingly party to this action, on a restricted filers list, especially as parties dispute whether Plaintiffs may even file on the minor's behalf.  However, the Court clarifies that its order extends to any attempt by Plaintiffs to circumvent its order by filing on W.O.R.'s behalf in the future.

now, the Court will deny the motion for monetary sanctions. But the Court warns the Rueds that if this behavior continues, future courts may well consider such an action appropriate.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation [Docket No. 99] is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 96] is **ADOPTED**.

3. The Complaint [Docket No. 1.] is **DISMISSED** with prejudice for lack of jurisdiction.

4. Defendants' Motions to Dismiss [Docket Nos. 10, 25, 46, and 69] are **GRANTED**.

5. Defendant Jamie Pearson's Motion for Sanctions [Docket No. 75] is **GRANTED in part** and **DENIED in part**, as follows:

    a. Plaintiffs are prohibited from filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning their disputes with any defendant whatsoever relating to this custody dispute unless (1) they are represented by counsel licensed to practice before this federal court, or (2) they obtain prior written

approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota; but

b. No monetary sanctions will be imposed at this time.

6. All other pending motions in this action [Docket Nos. 32, 39, 51, 53, 81, and 88] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 11, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge